UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONA DAVIS, | ) | |
| | ) | Case No. 1:05-CV-01490 |
| Plaintiff, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| PLAIN DEALER PUBLISHING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | O R D E R |
| | ) | |
| | ) | |

Before the court are three pending motions: (1) defendants The Plain Dealer Publishing Company, Richard Medeiros, Jr. ("Medeiros"), Roni Watson ("Watson") and Alyson Jobling's ("Jobling") (collectively, the "PD") motion for sanctions [Docket No. 31]; (2) the PD's motion for stay of discovery [Docket No. 32]; and (3) plaintiff Mona Davis's ("Davis") motion for sanctions [Docket No. 36]. For the following reasons, the court grants in part and denies in part the PD's motion for sanctions, denies its motion for stay as moot, and grants Davis's motion for sanctions.

The PD's motion for sanctions seeks dismissal of Davis's claims for age and sex discrimination under federal (Age Discrimination in Employment Act, "ADEA" and Title VII of the Civil Rights Act of 1964, "Title VII") and state (Ohio Revised Code § 4112.99) law, as well as her claims under the Family and Medical Leave Act ("FMLA"), as well as attorneys' fees. The PD claims that, instead of discriminating against Davis on the basis of sex or age, or terminating her for taking medical leave, it terminated Davis because she downloaded hundreds of confidential files from her work computer to her home computer, in violation of PD policy, in February 2004. The court credits Davis's testimony that these files were deleted in accordance with PD instructions, as the parties were at that time attempting to negotiate a buy-out settlement. However, in its motion for sanctions, the PD alleges that Davis

deliberately ran a powerful data-scrubbing program on her home computer, just before dawn on November 22, 2005, the day on which the PD's forensic computer expert was scheduled to examine her home computer, preventing the PD from determining whether she still had in her possession any of the files she had downloaded from the PD's server prior to her termination, and what, if anything, she had done with those files.

Based on the testimony of the PD's computer expert, Damon Hacker, and Davis herself, it is quite clear to the court that Davis and her husband were put on notice by the PD as of early July 2005, that the Davis's home computer would be subject to discovery. It is also clear that, as a result of the November 22, 2005 running of the data-scrubbing program, it is impossible for either the PD or this court to be sure there were no confidential files remaining on Davis's computer before November 22. The injury, therefore, is to the ability of the PD to verify Davis's claims that she had either returned or deleted all downloaded files as of March 2004. While the court finds that neither Davis nor her husband were acting with malicious intent or a deliberate motive to destroy evidence, the court also finds that Davis's actions do constitute an abuse of the discovery process that require sanction. Even if the court were to credit the explanation given in Mark Davis's affidavit as to why the data-scrubbing program was run on November 22, that explanation does not *excuse* those actions.[1]

The decision of what discovery sanctions to impose, if any, are within this court's discretion. *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 525 (6th Cir. 2005). The court thus grants the PD's motion in part and orders Davis to pay all reasonable attorneys' fees and costs incurred by the PD in the filing and prosecution of its motion for sanctions. The court denies the PD's motion for a stay of discovery as moot.

---

[1] The court, given Davis's testimony, finds that live testimony from Mark Davis would have clarified matters greatly. While it is Davis's decision which witnesses to call, the court expresses surprise that Mr. Davis was not called to testify on Friday, October 20, 2006.

-3-

The court also grants Davis's motion for sanctions.  Based on the colloquy at the October 20 hearing, it is quite clear that the PD engaged in impermissible self-help upon the filing of its motions for sanctions and for a stay.  Because no stay in discovery had been granted, the PD remained under an obligation to proceed with discovery in good faith.  Its refusal to work with Davis's counsel in scheduling Mr. Calaiacovo's deposition constitutes bad faith conduct and requires sanction.  Therefore, the court grants Davis's motion for sanctions and orders the PD to pay all reasonable attorneys' fees and costs incurred by Davis (1) in the filing and prosecution of her motion for sanctions and (2) in preparation for and in the conduct of the deposition of Mr. Calaiacovo.

Finally, the parties are ordered to set new dates for the close of discovery, the deadline for dispositive motions, and a proposed trial date.  The court orders the parties to submit a joint position statement by November 10, 2006, suggesting new discovery and dispositive motion deadlines, as well as a proposed trial date.

IT IS SO ORDERED.

　　　/s/Ann Aldrich　　　　　　　　　
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:  October 23, 2006**